## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RECEE MAE REED,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:22-CV-989-E-BK** |
| | § | |
| **R. REED, ET AL.,** | § | |
| **DEFENDANTS.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Recee Mae Reed's motion to proceed *in forma pauperis* but did not issue process. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

### I.      BACKGROUND

On May 3, 2022, Reed filed a *pro se* complaint against R. Reed, D. Reed, M. Reed, and Tracy Lyon. Doc. 3 at 1. The allegations in the form complaint are disjunctive and difficult to decipher. Reed never states a cause of action or alleges any coherent facts from which the Court can discern a cognizable cause of action. Indeed, in the form complaint, Reed only pleads the following ambiguous sentence fragments and nonsensical phrases:

> Years 1961-1985-1970-1971-1973-1983
> Registeration
> Note: Rece Reed
> Rose Holloway (et al)
> Unexpected/without being informed
> Scholarship/High School – prior to- Elementary
> Theft (missing momentums)

Unexpected
Birth/Barrow
D. Reed
M. Reed
R. Reed

Doc. 3 at 1 (errors in original).

Along with her complaint, Reed encloses a pleading titled *Identify Theft Victim's Complaint and Affidavit* and an order dismissing one of her prior federal actions. In addition, in her motion to proceed *in forma pauperis*, Reed states that she is "being, cruelty, tortured, video cam, false hope of protection, liberties, U.S. Constitution Civil Right non–exist." Doc. 4 at 5 (errors in original).

Upon review, the Court concludes that Reed fails to present a cognizable legal claim and her factual contentions appear irrational and delusional. As such, this action should be dismissed *sua sponte*.

## II.    ANALYSIS

Because Reed seeks leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds, *inter alia*, that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less

stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e)

("Pleadings must be construed so as to do justice.").  Even under this most liberal construction,

however, Reed has failed to state a cognizable legal claim or anything that can be construed as

such.  Moreover, she offers no legal authority and, again, her factual contentions are clearly

baseless and inadequate to support any cognizable claim, and appear irrational and incredible.

*See Denton*, 504 U.S. at 33.  Consequently, Reed's complaint should be dismissed with prejudice

as factually and legally frivolous.

### III.    LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to

dismissal, but leave is not required when she has already pled her "best case."  *Brewster v.

Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Reed has wholly failed to

state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred.

Based on the most deferential review of her complaint, it is highly unlikely that, given the

opportunity, Reed could allege cogent and viable legal claims.  Thus, the Court concludes that

granting leave to amend under these circumstances would be futile and cause needless delay.

### IV.    IMPOSITION OF SANCTIONS

The Court takes judicial notice of the fact that since July 8, 2021, Reed has filed five

other cases in the Northern District of Texas. Three were previously dismissed for lack of subject

matter jurisdiction, as frivolous, or for failure to state a claim.[1]  Two cases remain pending

---

[1] *See Reed v. White Rock Hills Townhome*, 3:21-CV-1594-X-BK (N.D. Tex. Aug. 6, 2021)
(dismissed as frivolous); *Reed v. White Rock Hills Apt Townhomes*, 3:21-CV-2863-L-BK (N.D.
Tex. Dec. 23, 2021) (dismissed for lack of subject matter jurisdiction and, in the alternative, as
frivolous); *Reed v. Reed et al*, 3:22-CV-818-B-BN (N. D. Tex. Apr. 29, 2022) (dismissed for
lack of subject matter jurisdiction).

awaiting review of the U.S. Magistrate Judge's *Findings, Conclusions and Recommendation* that (1) the complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim, and (2) that Reed be warned that if she continues to file frivolous cases, sanctions and/or a filing bar may be imposed.[2]

The Federal courts have the inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority," *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993), and sanctions may be appropriate when, as here, a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); Fed. R. Civ. P. 11(b)(2)&(c)(1) (authorizing sanctions against *pro se* litigants). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

Here, based on Reed's filing history and her pattern of filing actions over which the Court lacks jurisdiction or that are frivolous, the Court finds that she is an abusive and vexatious litigant. Therefore, she should be barred from filing future actions *in forma pauperis* in this or any other federal Court without first obtaining leave of court.

---

[2] *See Reed v. Fairway Townhomes Housing LP*, 3:22-CV-00816-B-BT (N.D. Tex.); *Reed v. Lyons et al*, 3:22-CV-00817-L-BT (N.D. Tex.).

## V.    CONCLUSION

For the foregoing reasons, Reed's complaint should be **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

Further, Reed should be **BARRED** from filing future actions *in forma pauperis* in this or any other federal court, without first obtaining leave of court to do so, and any case filed, removed, or transferred without the applicable filing fee, in which she is plaintiff, should not be reviewed by the court.

**SO RECOMMENDED** on May 12, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).